48 Cal.Rptr.3d 675 (2006)
142 Cal.App.4th 1141
The PEOPLE, Plaintiff and Respondent,
v.
Saul Garcia CUEVAS, Defendant and Appellant.
No. B168269.
Court of Appeal of California, Second District, Division Six.
September 12, 2006.
*677 Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, Lawrence M. Daniels, Susan S. Kim, Deputy Attorneys General, for Plaintiff and Respondent.
*676 COFFEE, J.
Negotiated plea agreements often specify a "lid" or maximum sentence of something less than the maximum term that could otherwise be imposed. In People v. Shelton (2006) 37 Cal.4th 759, 37 Cal. Rptr.3d 354, 125 P.3d 290 (Shelton), the Supreme Court held that a defendant must obtain a certificate of probable cause before *678 raising a Penal Code section 654[1] challenge to a sentence that does not exceed the lid specified in a plea agreement, because such a challenge affects the validity of the plea itself. (§ 1237.5.) In this case we are asked to determine whether the rule articulated in Shelton applies when the plea agreement does not specify a lid, but the court, in taking the plea, advises the defendant of the maximum sentence available for the charges and proceeds to impose a sentence within that theoretical maximum.
We conclude that in such cases, the defendant and prosecution have not agreed to any specified maximum sentence, and a challenge to the sentence on section 654 grounds (or on other grounds affecting its legality) does not affect the validity of the plea itself. In such cases, no certificate of probable cause is required.
We therefore address the sentencing claims of appellant Saul Garcia Cuevas on their merits. We agree with his argument that the aggregate sentence imposed by the trial court, which was less than the maximum of which he was advised, violates section 654 in several respects. We reject his contention that the court violated Blakely v. Washington (2004) 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (Blakely), by including upper term and consecutive sentences that were based on facts neither admitted by him nor submitted to a jury.

BACKGROUND
Appellant was originally charged with 27 counts of robbery, one count of grand theft, one count of attempted robbery, and two counts of kidnapping for robbery. (§§ 211, 487, subd. (c), 664, 209, subd. (b)(1).) The People also alleged that he used a firearm in the commission of these offenses. (§ 12022.53, subd. (b).)
At the preliminary hearing, the evidence showed that between December 13, 2001, and March 3, 2002, appellant entered 17 businesses and, using a BB gun, demanded money and/or personal property from the employees. On seven occasions where appellant took both personal property from a store clerk and money from a store safe or register, he was charged with two robberies from the same victim, one for taking money from the clerk out of the cash register and one for taking personal property from the same store clerk (i.e., a cell phone, a driver's license, or money from the clerk's purse). This occurred in counts 1 and 2, 4 and 5, 9 and 10, 13 and 14, 15 and 16, 20 and 21, and 23 and 24.[2] In count 11, appellant was charged with second degree robbery of Baskin Robbins and its employee for taking the cash register money, and in count 12 with attempted second degree robbery of the employee after he demanded her identification but she refused to give it to him.
*679 The grand theft charge arose after appellant took personal property from one of two employees at Payless Shoe Store. He was charged with robbery of the store through its clerk (count 7) and with grand theft of the other clerk's personal property (count 8).
The kidnapping charges (counts 32 and 33) arose after appellant robbed a beauty shop. After obtaining money from the shop's safe, appellant demanded that the two clerks leave with him in their car. The clerks drove appellant several blocks away until he directed them to stop. He got into a parked car and drove away by himself. For this incident, appellant was charged with one count of robbery (count 17) and two counts of kidnapping for robbery (counts 32 and 33).
The People agreed to reduce the aggravated kidnapping counts to simple kidnapping under section 207 and to drop the firearm allegations under section 12022.53, subdivision (b), in exchange for appellant's plea to the remaining counts and allegations. After being advised by the court that he could face a maximum sentence of 37 years 8 months, appellant pled no contest to 27 counts of second degree robbery, two counts of simple kidnapping, one count of attempted robbery, and one count of grand theft. He admitted one allegation that he was armed with a firearm during the commission of the offenses within the meaning of section 12022, subdivision (b)(1).
The court sentenced appellant to 35 years 8 months, calculated as follows: the upper term of eight years for simple kidnapping (count 32); plus 27 consecutive one-year terms for each of the robbery counts (counts 1-7, 9-11, 13-17, 20-31); plus a consecutive term of eight months for grand theft (count 8); plus a concurrent term of one year four months for attempted robbery (count 12); and a concurrent upper term of eight years for the second simple kidnapping charge (count 33). Appellant appealed from the judgment and filed a request for a certificate of probable cause, which stated that he was seeking reversal of his convictions because his defense attorney had been ineffective in developing a defense to the charges and in providing advice about the consequences of the plea. The court denied the certificate.
In an unpublished opinion filed January 25, 2005, we rejected appellant's argument that he was entitled to an outright reversal of certain duplicative robbery and attempted robbery counts, but remanded the case for resentencing after concluding that the sentences on those counts were barred under section 654. We did not reach appellant's contention that the upper term and consecutive sentences imposed by the court violated the United States Supreme Court's decision in Blakely. Our Supreme Court granted review and transferred the matter back to us for reconsideration in light of its decision in Shelton. At our request, counsel have submitted briefing on the effect of Shelton and on the effect of subsequent case law upon appellant's claim that the upper term and consecutive sentences were unauthorized under Blakely.

DISCUSSION

Necessity for Certificate of Probable Cause
Appellant argues that the sentences on several robbery and attempted robbery counts should have been stayed under section 654 because they involved different pieces of property taken from the same victim and were thus duplicative. He also contends that upper term and consecutive sentences were precluded under Blakely because those sentences were *680 based on facts that were neither admitted by him nor found true by the jury. The People argue that these challenges to the legality of appellant's sentence must fail because he did not secure a certificate of probable cause. We reject the People's claim.
Section 1237.5 provides that a defendant may not appeal from a judgment of conviction following a plea of guilty or nolo contendere unless (1) he has filed a written statement in the trial court "showing reasonable constitutional, jurisdictional or other grounds going to the legality of the proceedings" (id., subd. (a)), and (2) the trial court has "executed and filed a certificate of probable cause for such appeal with the clerk of the court" (id., subd. (b)). A certificate is unnecessary when the issue raised on appeal is one that arose after entry of the plea and does not affect the validity of the plea. (Cal. Rules of Court, rule 30(b)(4).)
It is well-established that when a defendant pleads guilty in exchange for a stipulated sentence, any challenge to that sentence implicates the validity of the plea and requires a certificate of probable cause. (People v. Panizzon (1996) 13 Cal.4th 68, 79, 51 Cal.Rptr.2d 851, 913 P.2d 1061.) When the plea agreement calls for a sentencing lid, but contemplates that the court will exercise its customary sentencing discretion to impose a sentence up to that lid, a challenge to the trial court's discretionary sentencing choices does not affect the validity of the plea and does not require a certificate of probable cause. (People v. Buttram (2003) 30 Cal.4th 773, 790-791, 134 Cal.Rptr.2d 571, 69 P.3d 420.)
Section 654 prohibits multiple punishments for the same acts or for acts arising out of the same course conduct. A violation of section 654 is conceptually distinct from an improper discretionary sentencing choice because it results in a legally unauthorized sentence. (See People v. Latimer (1993) 5 Cal.4th 1203, 1216, 23 Cal.Rptr.2d 144, 858 P.2d 611; People v. Scott (1994) 9 Cal.4th 331, 354, fn. 17, 36 Cal.Rptr.2d 627, 885 P.2d 1040.) A challenge under Blakely similarly targets the legality of the sentence, rather than the exercise of the trial court's discretion. In Shelton, the court concluded that a challenge to the legality of the sentence under section 654 or some other provision, unlike a challenge to the court's discretionary sentencing choices, was a challenge to the validity of the plea when the plea agreement called for a sentencing lid and the sentence imposed was within that lid. Applying contract principles, the court reasoned: "[T]he specification of a maximum sentence or lid in a plea agreement normally implies a mutual understanding of the defendant and the prosecutor that the specified maximum term is one that the trial court may lawfully impose and also a mutual understanding that, absent the agreement for the lid, the trial court might lawfully impose an even longer term." (Shelton, supra, 37 Cal.4th at p. 768, 37 Cal.Rptr.3d 354, 125 P.3d 290.)
Shelton does not apply in this case because the parties did not agree upon a sentencing lid of something less than that which the court could have otherwise imposed. Rather, appellant was advised of the maximum sentence that could be imposed based on the charges to which he pled. There was no written agreement, but during the change of plea hearing, the court stated, "[I]t was indicated off the record what the theoretical max is on this case, and I believe it was indicated to be thirty-six years and eight months." The deputy district attorney responded that with a one-year weapon enhancement, the maximum would be thirty-seven years and eight months, and that "this is going to be an open plea wherein the defense would *681 present at a sentencing hearing factors in mitigation and the court would, after hearing both sides, sentence the defendant to what the court felt was the appropriate sentence." Defense counsel later clarified that it was appellant's understanding "the terms of this disposition are that the plea is open, that he faces a maximum of thirty-seven years, eight months, but that the amount of time he will receive will depend . . . solely on [the court's] sentence after [the court] heard all the evidence that we intend to present at a probation and sentencing hearing." The court agreed.
"A negotiated plea agreement is a form of contract, and is interpreted according to general contract principles. [Citations.] `The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. (Civ. Code, § 1636.) If contractual language is clear and explicit, it governs. (Civ.Code, § 1638.) On the other hand, "[i]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." [Citations.]' [Citation.]" (Shelton, supra, 37 Cal.4th at p. 767, 37 Cal.Rptr.3d 354, 125 P.3d 290.)
A defendant who merely acknowledges the theoretical maximum sentence based on an open plea stands in different shoes than a defendant who has entered an agreement that calls for a lid on the sentence. As recognized in Shelton, "From a defendant's point of view, the purpose of a sentence lid is to protect the defendant from a greater sentence. Thus, a sentence lid provision in a plea necessarily implies the defendant's understanding and belief that in its absence the trial court might lawfully have imposed a greater sentence. If the maximum sentence authorized by law were at or below the specified sentence lid, the lid provision would be superfluous and of no benefit to the defendant." (Shelton, supra, 37 Cal.4th at p. 768, 37 Cal.Rptr.3d 354, 125 P.3d 290.) A defendant who enters an open plea and is advised of his maximum exposure has received no promise with respect to his sentence  he is simply being provided with the information necessary to enter a voluntary and intelligent plea. (See People v. Lytle (1992) 10 Cal.App.4th 1, 4, 12 Cal.Rptr.2d 433.)
Nor is there any implicit promise to the People when the court simply accepts on open plea after advising the defendant of the theoretical maximum sentence. A prosecutor would be unlikely to agree to a sentencing lid of something less than the statutory maximum if she believed the court lacked the authority to impose that sentence (Shelton, supra, 37 Cal.4th at p. 768, 37 Cal.Rptr.3d 354, 125 P.3d 290), but a prosecutor who accepts an open plea with no lid or stipulated sentence would more reasonably understand that there was no guarantee about the sentence that would ultimately be imposed by the court.
In People v. Bobbit (2006) 138 Cal. App.4th 445, 447-448, 41 Cal.Rptr.3d 480, the court concluded that a certificate of probable cause was required to challenge the legality of a sentence on Blakely grounds when the court sentenced the defendant to the 12-year "lid," even though the "lid" appears to be the statutory maximum sentence for the crimes and enhancements to which the defendant pled. We disagree with the premise that advising the defendant of the statutory maximum is the equivalent of an agreed-upon lid on the sentence. Appellant's plea agreement did not include a sentencing lid and he may raise a challenge to the legality of the sentence, a circumstance occurring after the entry of his plea, without obtaining a certificate of probable cause.
*682 We reject the claim made by the People that California Rules of Court, rule 4.412(b), bars appellant's challenge to the sentence. This rule provides: "By agreeing to a specified prison term personally and by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates section 654's prohibition of double punishment, unless that claim is asserted at the time the agreement is recited on the record." (Italics added.) Appellant did not agree to a specified prison term in exchange for entry of his plea.
Appellant also argues that the duplicate robbery and attempted robbery counts to which section 654 applies should be reversed outright. This argument, unlike those relating to the length of the sentence, directly challenges the validity of the plea itself and is barred by the lack of a certificate of probable cause.[3]

Duplicative Robbery Counts and Section 654
Turning to the substance of appellant's arguments, we agree that the sentences on several of the second degree robbery counts and the attempted robbery count are duplicative and are barred by section 654.
Robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) "`"Robbery is an offense against the person; thus a store employee may be the victim of a robbery even though he is not its owner and not at the moment in immediate control of the stolen property."'" (People v. Nguyen (2000) 24 Cal.4th 756, 761, 102 Cal.Rptr.2d 548, 14 P.3d 221; see also People v. Gilbeaux (2003) 111 Cal.App.4th 515, 520-521, 3 Cal. Rptr.3d 835.) "`When a defendant steals multiple items during the course of an indivisible transaction involving a single victim, he commits only one robbery or theft notwithstanding the number of items he steals.'" (People v. Ortega (1998) 19 Cal.4th 686, 699, 80 Cal.Rptr.2d 489, 968 P.2d 48, disapproved on other grounds in People v. Reed (2006) 38 Cal.4th 1224, 1228, 45 Cal.Rptr.3d 353, 137 P.3d 184, and quoting People v. Brito (1991) 232 Cal. App.3d 316, 326, fn. 8, 283 Cal.Rptr. 441.)
In counts 1 and 2, 4 and 5, 9 and 10, 13 and 14, 15 and 16, 20 and 21, 23 and 24, appellant was improperly convicted of 14 counts of second degree robbery. During the incidents that gave rise to these counts, he robbed seven victims at seven different stores, and each of the seven robberies involved a single course of conduct with a single victim. Although appellant took property belonging to the store and personal property belonging to the clerk during each of the seven robberies, the distinction between store property and personal property is irrelevant. (People v. Ortega, supra, 19 Cal.4th at p. 699, 80 Cal.Rptr.2d 489, 968 P.2d 48.) Thus, rather than being charged and convicted of 14 robberies for his actions during these incidents, he should have been charged with and convicted of only seven counts of second degree robbery.
Similarly, in counts 11 and 12, appellant was convicted of second degree robbery and attempted second degree robbery after he took store property from one store clerk and did not succeed in taking the same clerk's personal property. He should have been charged with only one *683 count of second degree robbery for this incident. He should not have been charged and convicted of attempted second degree robbery.
Appellant cannot now claim that the duplicative counts should be reversed outright, because he pled guilty to those counts and has failed to obtain the certificate of probable cause necessary to challenge the validity of the plea. (See People v. Whitfield (1996) 46 Cal.App.4th 947, 959, 54 Cal.Rptr.2d 370; § 1237.5.) But we agree with him that the sentences on those counts cannot stand and must be stayed under section 654. On each of those counts, appellant was sentenced twice for robbing a single store employee victim of personal property and the store's money during the course of a single robbery. Section 654 precludes multiple punishment for a single act or indivisible course of conduct. (People v. Deloza (1998) 18 Cal.4th 585, 591-592, 76 Cal.Rptr.2d 255, 957 P.2d 945.) If a course of conduct has only one objective, then it is indivisible and punishable only once. (Neal v. State of California (1960) 55 Cal.2d 11, 19, 9 Cal. Rptr. 607, 357 P.2d 839.) If "a defendant suffers two convictions, punishment for one of which is precluded by section 654, that section requires the sentence for one conviction to be imposed, and the other imposed and then stayed." (Deloza, at pp. 591-592, 76 Cal.Rptr.2d 255, 957 P.2d 945.)
We reject the People's contention that notwithstanding section 654, appellant should be estopped from challenging his sentence on the duplicative counts because the original kidnapping charges were reduced to simple kidnapping and the personal firearm use allegations were dismissed. Absent an agreement for a particular sentence, appellant cannot be sentenced to a term that violates section 654, even though he might have faced a greater sentence following a jury trial on the original charges or a different plea agreement. We also note that while the reduction of the aggravated kidnapping counts conferred a significant benefit, it appears the firearm enhancements would have been unsustainable because the weapon used was a BB gun. (§ 12001, subd. (b).)

Blakely v. Washington
Appellant argues that the imposition of upper term and consecutive sentences violated his constitutional rights under Blakely because those sentencing choices were based on factors neither admitted by him nor found true by the jury. (See also Apprendi v. New Jersey (2000) 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.) We reject this argument for the reasons stated in People v. Black (2005) 35 Cal.4th 1238, 29 Cal.Rptr.3d 740, 113 P.3d 534, by which we are bound. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455, 20 Cal.Rptr. 321, 369 P.2d 937.)

DISPOSITION
The judgment of conviction is affirmed. We vacate appellant's sentence and remand this case to the trial court with instructions to conduct a new sentencing hearing consistent with this opinion. The trial court must stay the sentences on the duplicative counts 2, 5, 10, 12, 14, 16, 21, and 24, and ensure that appellant's aggregate sentence on remand does not exceed the aggregate sentence previously imposed. (See People v. Castaneda (1999) 75 Cal.App.4th 611, 614, 89 Cal.Rptr.2d 367.) After resentencing, the trial court is directed to prepare a corrected abstract of judgment and forward it to the Department of Corrections.
We concur: GILBERT, P.J., and PERREN, J.
NOTES
[1] All statutory references are to the Penal Code unless otherwise stated.
[2] For example, appellant demanded money from Vanessa Martinez, a clerk at Payless Shoe Store, out of the cash register. Appellant also demanded Martinez's personal identification. In count 1, he was charged with second degree robbery of Payless Shoe Store and Vanessa Martinez, for taking cash register money from Martinez. In count 2, he was charged with second degree robbery of Martinez for taking her personal identification at the same time. (See also counts 4 [robbery of Clothestime and Linda Luna] and 5 [robbery for taking Linda Luna's cell phone]; count 9 [robbery of Pam's Hallmark and Pamela Escobar] and 10 [robbery for taking Pamela Escobar's driver's license]; counts 13 [robbery of Erandi Hurtado and Vin Baker Store] and 14 [robbery of Erandi Hurtado]; counts 15 [robbery of Laura Melvoin and Paper House Store] and 16 [robbery of Laura Melvoin]; counts 20 [robbery of Nicole Cirami and Dungarees Store] and 21 [robbery of Nicole Cirami]; and counts 23 [robbery of Laurie Schureman and Blonde store] and 24 [robbery of Laurie Schureman]).
[3] After the Supreme Court transferred this case back to us for consideration in light of Shelton, appellant filed a petition for a writ of mandate to direct the superior court to issue a certificate of probable cause. We have denied that petition in an order filed concurrently with this opinion.