Filed 8/16/22  P. v. Key CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B313426 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA491567) |
| v. | |
| DAMETRI KEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Garcia, Judge.  Sentence vacated and remanded with directions.

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

A jury convicted Dametri Key of one count of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)).[1]  The jury found not true a section 12022.7, subdivision (a) allegation that Key personally inflicted great bodily injury.  The trial court sentenced Key to the upper term of four years in state prison.

While this appeal was pending, Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), amended section 1170 and became effective on January 1, 2022.  (Stats. 2021, ch. 731, § 1.3.)  The parties agree Senate Bill 567 applies retroactively to nonfinal cases on appeal, such as this one, but they disagree on whether resentencing is warranted.

We agree that Senate Bill 567 applies retroactively and conclude that resentencing pursuant to amended section 1170 is necessary.

## BACKGROUND

### I.  Prosecution evidence

In May 2020, an eyewitness driving through Skid Row observed Key punching a woman in the head.  As the eyewitness began taking a cell-phone video, the victim rose from the ground while Key yelled at her to get away from his house.  The eyewitness ceased recording, parked his car, and called 911.  The crying, bleeding, and frantic victim approached him while Key continued screaming at her.  Key returned to an encampment across the street where he resided.

After police arrived, the victim identified Key by name and pointed across the street to the encampment.  Police found Key

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

and detained him without incident. The victim retrieved her belongings from Key's tent. She had swelling and a laceration on her head. After an EMT recommended hospitalization for stitches and a head exam, the victim was transported to the hospital. Hospital records showed she had a scalp laceration and a fractured jaw. She received a CT scan and sutures or staples for the laceration.

## II. Defense evidence

The victim informed a medical caseworker that she was renting a room in Pomona, but she could not return there because her roommate had assaulted her. The victim's doctor attested her fractured jaw was acute, meaning it had occurred within the past week. The injury required further treatment, but the victim left before such treatment could be provided.

## III. Sentencing

In June 2021, the trial court sentenced Key to the upper term of four years in prison. The court explained the sentence: "So this is a case that went to trial. The court had the benefit of hearing the evidence as well as the exhibits that were admitted into evidence. [¶] The court has also reviewed the probation report, probation pre-sentence report, and notes the—its findings set out in [California Rules of Court,] [r]ule 4.421[(a)], with regard to aggravating factors that the crime involved great bodily harm. [¶] The court recognizes that the jury did not find true the enhancement, but recognizes the injuries that were suffered by the victim. [¶] It also—the court has taken into consideration that under [r]ule 4.421(b) that Mr. Key has served prior terms in prison or county jail under 1170[, subdivision] (h), one of them being the—one of them, although he's suffered others, but one of them being the conviction in 2017 for robbery. [¶] So the

3

court . . . is going to order that Mr. Key be sentenced to the term of four years. The court selects the high term under the rules that I've just identified."[2]

Key timely appealed.

## DISCUSSION

Key contends Senate Bill 567 entitles him to have his upper term sentence vacated and to resentencing consistent with amended section 1170. We agree.

### I.    Senate Bill 567

When Key was originally sentenced in June 2021, section 1170, former subdivision (b), afforded the trial court discretion to choose between the lower, middle, and upper term as "best serves the interests of justice." While this appeal was pending, Senate Bill 567 amended section 1170, subdivision (b),

---

[2] The probation report was completed several months before the trial. It listed five aggravating factors: "1. The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness. [¶] 2. The manner in which the crime was carried out indicates planning, sophistication, or professionalism. [¶] 3. The defendant has engaged in violent conduct that indicates a serious danger to society. [¶] 4. The defendant's prior convictions as an adult or sustained petition juvenile delinquency proceeding are numerous or of increasing seriousness. [¶] 5. The defendant has served a prior prison term or county jail section 1170[, subdivision] (h)." The report also indicated that over a nearly 30-year period, Key had suffered approximately six prior felony convictions and 11 prior misdemeanor convictions. The report stated there were no mitigating circumstances. Key's sentencing memorandum acknowledged the prior convictions were reflected on his rap sheet.

to preclude a sentence above the middle term unless "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) Notwithstanding subdivision (b)(2), "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."[3] (§ 1170, subd. (b)(3).)

We accept the People's concession that the amended version of section 1170, subdivision (b) applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal. (*People v. Conley* (2016) 63 Cal.4th 646, 657 ["in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible"]; *In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 [Senate Bill 567 applies retroactively to nonfinal convictions on appeal].)

---

[3] Senate Bill 567 also added subdivision (b)(6)(A) to section 1170, which provides that unless aggravating circumstances outweigh mitigating circumstances such that the lower term would be contrary to the interests of justice, a trial court is required to impose the low term if the defendant has "experienced psychological, physical, or childhood trauma," and that was a contributing factor in the commission of the offense.

**II. The original sentencing was inconsistent with the amended law**

Despite their concession as to retroactivity, the People argue resentencing is unnecessary because the original sentencing did not violate the amended statute. We disagree.

The trial court considered two aggravating factors in imposing the upper term: (1) that the "crime involved . . . great bodily harm" (Cal. Rules of Court, rule 4.421(a)(1)); and (2) that Key had suffered prior convictions and served prior terms in prison or county jail under section 1170, subdivision (h) (Cal. Rules of Court, rule 4.421(b)(3)). The People concede that the first factor—that the crime involved great bodily harm—was not found by a jury or stipulated to by the defendant, and therefore it could not be a basis for an upper term sentence under amended section 1170, subdivision (b).

The People contend, however, that the trial court's reliance on Key's criminal history was consistent with amended section 1170, subdivision (b). Although the prosecution presented no certified records relating to Key's prior convictions, the People argue imposition of the upper term was still proper because Key admitted the fact of his convictions in his sentencing memorandum. We cannot agree. An admission of a prior conviction in an unsworn sentencing memorandum is not equivalent to a stipulation. (*People v. Mendias* (1993) 17 Cal.App.4th 195, 206, fn. 8; *People v. Cross* (2015) 61 Cal.4th 164, 174 [unwarned stipulation to prior conviction resulting in enhanced sentence invalid].) This is particularly true here, since the defense filing occurred before the statute was amended to incorporate a specific required means of proof for prior convictions. (*People v. Jackson* (2005) 129 Cal.App.4th 129, 161

6

[counsel's statements are admissions only if so intended, provided they are not " 'improvidently or unguardedly made' "].)  The prior convictions were not established by a certified record of conviction, jury finding, or stipulation, as required by amended section 1170, subdivision (b), for the trial court to properly consider them in imposing the upper term sentence.[4]

The People further summarily contend the trial court permissibly relied on another aggravating factor:  that Key's crime involved a finding of a "*threat* of great bodily harm."  The People assert this factor was sufficiently established by the jury's finding that Key was guilty of assault by means of force likely to produce great bodily injury.  (Cal. Rules of Court, rule 4.421(a)(1); § 245, subd. (a)(4)).  Yet, the record does not support the contention that the trial court actually considered or relied on this factor.  Because the statute requires that—excepting the fact of prior convictions—every factor upon which the court intends to rely in imposing an upper term be admitted by the defendant or proven to a jury, the only aggravating factors relevant to assessing statutory error are those the court actually considers.  (See § 1170, subd. (b); *People v. Lopez* (2022) 78 Cal.App.5th 459, 467 & fn. 11; see also *People v. Black* (2007) 41 Cal.4th 799, 818

---

[4] The only document listing Key's prior convictions was a probation report.  We need not decide whether a probation report generally may meet the requirements of section 1170, subdivision (b)(3), noting only that in this case the probation report was not certified, a probation officer did not certify the accuracy of Key's criminal record as contained in the probation report, and the report itself appeared to contain inaccuracies; for example, the report described the 2017 robbery conviction as a misdemeanor.

[trial court stated it considered aggravating circumstances set out in district attorney's sentencing brief].)

Accordingly, applying Senate Bill 567 retroactively, it was error to consider these two factors as the basis for an upper term sentence.

## III.    Remand for resentencing is necessary

The People argue that even if the trial court's imposition of the upper term did not comply with the amended version of section 1170, subdivision (b), remand is still unnecessary because any error was harmless.  They advance only two arguments to support their assertion of harmless error, both of which we find unavailing.

First, the People argue "there was evidence of the sole planning aggravating circumstance (outside of the threat of great bodily harm and prior conviction aggravating circumstances) that the trial court relied upon such that a jury would have found the circumstance to be true beyond a reasonable doubt." (See *People v. French* (2008) 43 Cal.4th 36, 53 ["The failure to submit a sentencing factor to a jury may be found harmless if the evidence supporting that factor is overwhelming and uncontested, and there is no 'evidence that could rationally lead to a contrary finding' "].)

However, as explained above, the trial court relied on only two aggravating factors:  prior convictions and prison or county jail terms served, and that the crime involved great bodily harm. The court did not rely on a planning factor.[5]  (*People v. Avalos*

---

[5] We note that even if the trial court had relied on this factor, we could not conclude, beyond a reasonable doubt, that the jury would have found the relevant circumstances true, beyond a

(1984) 37 Cal.3d 216, 233 [inquiry concerns what was "determinative for the sentencing court"]; *People v. Osband* (1996) 13 Cal.4th 622, 730 [aggravating factors court listed relevant to harmless error].)

Second, the People contend Key "acknowledged the injuries to the victim," thus any error in failing to require a jury finding as to that aggravating factor was harmless. Not so. The defense memorandum's recitation of the victim's injuries was background information, and the same memorandum referenced evidence admitted at trial that called into question the cause of the victim's injuries. Key cannot be said to have conceded or otherwise stipulated to the truth, fact, or extent of the victim's injuries based on his discussion of those injuries in a sentencing memorandum. The evidence of the extent and cause of the victim's injuries was contested. And, as noted above, the jury found not true the allegation that Key personally inflicted great bodily injury. (*People v. Sandoval*, *supra*, 41 Cal.4th at p. 841 [verdict partially rejecting prosecution's view of evidence

---

reasonable doubt. The evidence at trial focused on the in-progress violent altercation the eyewitness observed, and the aftermath of the altercation. Little to no evidence was offered to provide any context for the incident that would clearly suggest planning, sophistication, or professionalism. Certain details included in the probation report and the prosecution sentencing memorandum—such as that the incident began after the victim refused Key's demand for sex—did not come in at trial. Nor can we be certain what evidence Key would have offered had a "planning" aggravating circumstance been charged and tried to the jury. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 839–840 [defendant's incentives to litigate aggravating circumstances before jury differ from sentencing].)

9

gravitated against harmless-error finding].) We cannot conclude the jury necessarily would have found true an aggravating circumstance related to the victim's injuries or great bodily harm.

Finally, to the extent the People's arguments on appeal can be understood as asserting any error was harmless because the trial court could permissibly rely on Key's prior convictions alone, we disagree.

Under the amended version of section 1170, subdivision (b), a trial court may impose an upper term sentence only if there are circumstances in aggravation of the crime that justify the imposition of an upper term sentence, and the facts underlying those circumstances have been established consistent with the statute. Our high court explained in *People v. Sandoval, supra,* 41 Cal.4th at page 839, that Sixth Amendment error in the context of aggravating factors is harmless when the reviewing court finds beyond a reasonable doubt that a jury would have found at least one aggravating circumstance true, beyond a reasonable doubt. Moreover, trial courts may rely on prior convictions as a basis for imposing an upper term sentence without running afoul of the Sixth Amendment right to a jury trial. (*Id.* at pp. 836–837 [The "right to a jury trial and the requirement of proof beyond a reasonable doubt do not apply to the aggravating fact of a prior conviction"].)

However, this case presents a different question, which is what remedy is proper when a change in law results in the trial court having been unaware of the scope of its discretionary authority when imposing the original sentence. In such cases, our high court has held "that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even

10

if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  Similarly, "[w]hen a trial court has given both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper." (*People v. Price* (1991) 1 Cal.4th 324, 492.)

In this case, the trial court relied on only two factors in its selection of the upper term, one of which was impermissible following the enactment of Senate Bill 567.  As explained above, we cannot conclude the jury necessarily would have found true the circumstances underlying that factor.  Although the other factor—Key's prior convictions and prison terms—likely could have been established consistent with the amended statute, it is not clear the trial court would have selected the upper term based on that factor alone.  Key's most recent conviction was approximately two and a half years prior to the commission of the instant offense.  The defense sentencing memorandum noted that following the enactment of Propositions 47 and 64, three of Key's felony convictions are now classified as misdemeanors; another of the felony convictions is no longer a crime.

The trial court did not indicate how it was weighing the two factors upon which it relied.  Indeed, contrary to the People's assertion on appeal, the trial court offered no statements suggesting it was relying *primarily* on Key's criminal history in selecting the upper term sentence.  The record does not clearly

indicate that the trial court would have selected the upper term based on Key's prior convictions or prison terms alone.[6]

We conclude remand is necessary to allow the trial court to exercise its sentencing discretion consistent with amended section 1170, subdivision (b). On remand, the parties may argue for the term they believe is appropriate under the amended law.

---

[6] This case is thus distinguishable from *People v. Flores* (2022) 75 Cal.App.5th 495, in which the trial court relied *only* on aggravating factors related to the defendant's criminal history: prior convictions and sustained juvenile delinquency petitions, as well as unsatisfactory performance on probation as evidenced by the defendant's conviction on the underlying offense in the case. The reviewing court in *Flores* did not consider the proper standard for assessing prejudice following the enactment of Senate Bill 567 where, as in this case, the trial court relied on one factor that could have been properly established, but the trial court *also* relied on factors not meeting that same standard. (See *People v. Lopez, supra*, 78 Cal.App.5th at pp. 466–467 [if reviewing court cannot conclude beyond a reasonable doubt that all aggravating factors on which trial court relied would have been found true by jury beyond a reasonable doubt, court must then determine whether it is certain that trial court would still have selected upper term if it could permissibly rely only on some portion of those factors].)

## DISPOSITION

The sentence is vacated, and the matter is remanded to the trial court for resentencing consistent with Senate Bill No. 567 and the amendments to Penal Code section 1170. We express no opinion as to how the trial court should exercise its discretion within the confines of the statutory amendments.

NOT TO BE PUBLISHED.


ADAMS, J.*


We concur:


LAVIN, Acting P. J.


EGERTON, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.