Filed 12/21/23  P. v. Timoti CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ILALIO TAUAMA TIMOTI, JR.,<br><br>Defendant and Appellant. | C098104<br><br>(Super. Ct. No. CR20204281) |

Defendant Ilalio Tauama Timoti, Jr., pleaded no contest to mayhem, assault by means of force likely to produce great bodily injury, and dissuading a witness.  As part of the plea agreement he agreed to a sentence of up to 16 years in prison.  At sentencing the trial court imposed a 16-year prison term without objection from defendant.

1

Defendant now contends (1) the upper term sentence for mayhem did not comply with Penal Code section 1170, subdivision (b),[1] and (2) the imposition of two great bodily injury enhancements violated the section 1385, subdivision (c)(2)(B) prohibition against multiple enhancements.

Defendant forfeited his contentions by not asserting them in the trial court. We will affirm the judgment.

## BACKGROUND

On August 8, 2022, defendant pleaded no contest to mayhem (§ 203), two counts of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)), and two counts of dissuading a witness (§ 136.1, subd. (b)(1)). Defendant also admitted inflicting great bodily injury in each of the assaults. (§ 12022.7, subd. (a).) Under the plea agreement, defendant agreed to a sentence of up to 16 years in prison, and he waived his right to a jury trial on aggravating circumstances. Defendant agreed that he had discussed the plea agreement with his lawyer, who had answered all his questions, and that he understood the contents and consequences of the agreement.

The trial court sentenced defendant to 16 years in prison, consisting of an eight-year upper term sentence for mayhem, one year for each assault, two years for each count of dissuading a witness, and one year for each great bodily injury enhancement. Defendant did not object to any aspect of the sentence.

## DISCUSSION

### I

Defendant claims the upper term sentence for mayhem did not comply with section 1170, subdivision (b).

---

[1] Undesignated statutory references are to the Penal Code.

Section 1170 provides, among other things, that aggravating circumstances justify imposition of an upper term sentence if defendant agreed to the underlying facts or if a trier of fact found them true.  (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.)  A defendant can waive the right to a jury trial on aggravating circumstances.  (*People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1059, review granted Dec. 14, 2022, S277314; see also *People v. French* (2008) 43 Cal.4th 36, 48, fn. 6.)

Defendant agreed to a sentence of up to 16 years.  And he expressly waived his right to a jury trial on aggravating circumstances.  The requirements of section 1170 upon which defendant now relies were in effect when he entered into the plea agreement and when he was sentenced.  (See *People v. Panizzon* (1996) 13 Cal.4th 68, 86 [circumstances were not outside the defendant's knowledge].)

Defendant did not object to his sentence in the trial court, forfeiting his appellate contention.  (*People v. Achane* (2023) 92 Cal.App.5th 1037, 1043-1044; see also *People v. Scott* (1994) 9 Cal.4th 331, 356.)

II

Defendant also contends the imposition of two great bodily injury enhancements violated the section 1385, subdivision (c)(2)(B) prohibition against multiple enhancements.

Section 1385, subdivision (c)(2) provides that in determining whether to dismiss an enhancement under the subdivision, the trial court must consider specified mitigating circumstances if proven by the defendant unless the court finds that dismissal of the enhancement would endanger public safety.  (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 296.)  This provision was in effect at the time of defendant's sentencing.  (See Stats. 2021, ch. 721, § 1.)

Defendant did not ask the trial court to dismiss the enhancements, and he did not object to the sentence imposed.  His contention is forfeited.

DISPOSITION

The judgment is affirmed.

                                          /S/
                                     MAURO, Acting P. J.

We concur:


     /S/
DUARTE, J.


     /S/
BOULWARE EURIE, J.

4