Filed 8/27/24  P. v. Carbajal CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALBERTO HERNANDEZ CARBAJAL,<br><br>    Defendant and Appellant. | B329953<br><br>(Los Angeles County<br>Super. Ct. No. TA056927) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, John J. Lonergan, Jr., Judge.  Reversed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Stephanie C. Brenan, and Gabriel Bradley, Deputy Attorneys General, for Plaintiff and Respondent.

# I.   INTRODUCTION

Defendant Alberto Hernandez Carbajal appeals from an order denying his petition for resentencing pursuant to Penal Code section 1172.6,[1] arguing that the trial court improperly relied upon the preliminary hearing transcript in finding him ineligible for resentencing as a matter of law.  We reverse.

# II.   BACKGROUND

## A.   *Underlying Conviction*

On October 3, 2002, the Los Angeles County District Attorney (District Attorney) filed an information charging defendant with murdering Onell Padilla (§ 187, subd. (a); count 1).  The District Attorney also alleged that defendant personally and intentionally discharged a firearm which caused great bodily injury or death (§ 12022.53, subd. (d)).

On January 14, 2003, at a change of plea hearing, defendant pleaded guilty to second degree murder, and the District Attorney moved to dismiss the firearm enhancement. The trial court sentenced defendant to 15 years to life in prison.

---

[1]   Further statutory references are to the Penal Code unless otherwise indicated.

The Legislature renumbered section 1170.95 as section 1172.6 effective June 30, 2022.  (Stats. 2022, ch. 58, § 10.)  For clarity, we will refer to section 1172.6 throughout this opinion.

B.    *Section 1172.6 Proceedings*

On May 2, 2022, defendant filed a form section 1172.6 petition for resentencing, declaring that:  an information was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or murder under another theory by which malice was imputed to him based solely on his participation in a crime; he accepted a plea offer in lieu of a trial; and he could not be convicted of murder under current law.

On May 11, 2022, the trial court appointed counsel for defendant.

On April 13, 2023, the District Attorney opposed defendant's petition, arguing that defendant was "the actual perpetrator who shot the victim with actual malice" and thus ineligible for resentencing as a matter of law.  The District Attorney attached as exhibits to its response the transcripts from the preliminary hearing and plea and sentencing hearing.

The preliminary hearing transcript included the following testimony:  on July 4, 2000, between 10:50 and 11:00 p.m., a witness saw the victim, Padilla, engage in an altercation with defendant, after which the two men shook hands.

Los Angeles County Sheriff's Department Deputy Martinez responded to the scene of a homicide that day and observed Padilla, who died as a result of multiple gunshot wounds.  The deputy interviewed defendant, who, after being advised of and waiving his *Miranda*[2] rights, admitted that he had engaged in a "short fist fight" with Padilla, which ended when the two shook hands.  But about 10 minutes later, defendant became angry,

---

2      *Miranda v. Arizona* (1966) 384 U.S. 436.

3

pulled out a gun he was carrying, and shot Padilla. He then rode away from the scene on his bike.

The transcript from the change of plea hearing included defendant's stipulation "to a factual basis pursuant to the preliminary hearing transcript[.]"

On April 14, 2023, the trial court denied defendant's petition on the grounds that he had failed to meet his prima facie burden because the preliminary hearing transcript demonstrated that he, as the only defendant charged, was the "lone actor." The court therefore concluded defendant was ineligible for relief as a matter of law. Defendant timely appealed.

## III. DISCUSSION

Defendant contends that the trial court improperly relied on evidence presented at his preliminary hearing to find him ineligible for resentencing relief as a matter of law.

A. *Applicable Law*

"Senate Bill 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person *who is not the actual killer*, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f) [emphasis added].) Substantively, Senate Bill 1437 accomplishes this by amending section 188, which defines malice, and section 189, which defines the degrees of murder, and as now amended, addresses felony murder

liability.  Senate Bill 1437 also adds . . . section [1172.6], which allows those 'convicted of felony murder or murder under a natural and probable consequences theory . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . .'  (§ [1172.6], subd. (a).)

"An offender may file a petition under section [1172.6] where all three of the following conditions are met:  '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;]  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;]  [¶]  [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection[s] 188 or 189 made effective January 1, 2019.'  (§ [1172.6], subd. (a)(1)–(3).)"  (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

"After a petition for resentencing is filed, the trial court must . . . determine whether the defendant has made a prima facie showing of entitlement to relief under section [1172.6]."  (*People v. Davenport* (2021) 71 Cal.App.5th 476, 480.)  "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless . . . .  [¶]  While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is

limited . . . .  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'  [Citations.]  'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'  [Citation.]  . . . [T]he 'prima facie bar was intentionally and correctly set very low.'"  (*Id.* at p. 972.)  "At the prima facie stage, a court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of changes to section[s] 188 or 189 made effective January 1, 2019, unless the allegation is refuted by the record.  [Citation.]  And this allegation is not refuted by the record unless the record conclusively establishes every element of the offense."  (*People v. Curiel* (2023) 15 Cal.5th 433, 463.)  If the petitioner makes a prima facie showing of eligibility, the trial court must issue an order to show cause and hold an evidentiary hearing.  (*Ibid.*)

B.    *Analysis*

Defendant made a prima facie showing that he was eligible for relief that was not refuted by the record as a matter of law. Because the information charged defendant with the generic crime of murder, the prosecution could have proceeded on a theory of murder under the natural and probable consequences doctrine, felony murder theory, or other imputed malice theory.

(See § 1172.6, subd. (a)(1); *People v. Davenport, supra*, 71 Cal.App.5th at p. 484.)  Further, defendant declared that he was convicted of murder following his acceptance of a plea offer in lieu of a trial, and that he could not presently be convicted of murder because of changes to sections 188 or 189.

Although defendant agreed that the preliminary hearing transcript supplied the factual basis for his guilty plea, reliance upon facts taken from the preliminary hearing transcript is "'impermissible factfinding' at the prima facie stage . . . ." (*People v. Davenport, supra*, 71 Cal.App.5th at p. 482; *People v. Estrada* (2024) 101 Cal.App.5th 328, 339.)  Moreover, "a stipulation to a factual basis for a plea is not 'a binding admission for all purposes.' (*People v. French* (2008) 43 Cal.4th 36, 52.)  . . . Indeed, our Supreme Court has held that stipulation to a factual basis is distinct from an admission of the truth of the facts recited as the factual basis.  ([*Id.*] at p. 51.)  Accordingly, stipulation to a factual basis does not conclusively establish the nature of the conduct underlying a plea." (*People v. Williams* (2024) 103 Cal.App.5th 375, 398–399.)

The trial court therefore erred in denying defendant's petition at the prima facie stage.

## IV.   DISPOSITION

The order denying defendant's section 1172.6 petition is reversed.  The matter is remanded to the superior court with directions to issue an order to show cause and to thereafter proceed as required by section 1172.6, subdivision (d).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

I concur:

MOOR, Acting P. J.

**People v. Alberto Hernandez Carbajal**
**B329953**

LEE, J., Dissenting.

I respectfully dissent. I would affirm the trial court because the uncontroverted record shows that defendant was charged as the actual killer who acted alone, thereby refuting his declaration of eligibility for relief in his form petition. Following the appointment of counsel, defendant offered nothing that would undermine this conclusion. Under these circumstances, denial at the prima facie stage is appropriate and serves the function of distinguishing petitions with potential merit from those that are clearly meritless.

In October 2002, defendant was charged in the information with the murder of Onell Padilla (Pen. Code, § 187, subd. (1))[1] with an allegation that he personally and intentionally discharged a firearm causing Padilla's death (§ 12022.53, subd. (d)). The information was filed based on the facts adduced at the preliminary hearing where an officer testified to defendant's post-Miranda admissions; defendant admitted that he and the victim were in a fist fight that ended peacefully, but about 10 minutes later his anger overcame him and he shot the victim with a gun he was carrying. The victim died of multiple gunshot wounds. No other person was implicated as the actual killer.

In January 2003, based on a negotiated plea deal, defendant pled guilty to second degree murder and the People dismissed the firearm allegation which would have added 25 years to life to his prison sentence. When asked during the

---

[1]     All further statutory references are to the Penal Code.

plea colloquy, "are you pleading because in truth and in fact that on July 5 of the year 2000 . . . you committed the crime of murder, committing against the victim in this case, Onell Padilla, a human being?" defendant answered "yes." When further asked, "[d]o you plead guilty to count 1 . . . that on July 5th of the year 2000[,] you murdered Onell Padilla?" defendant answered "[y]es, I do." Defendant's counsel concurred in the plea and stipulated that the facts contained in the preliminary hearing transcript supported defendant's guilty plea. Defendant was sentenced to 15 years to life.

Nearly 20 years later, defendant petitioned for resentencing under section 1172.6 by filing a form petition with the necessary boxes checked under statute but did not support his petition with a declaration or any other representation of the facts surrounding Padilla's killing. The trial court appointed counsel for defendant. The People filed an opposition to his resentencing petition, arguing that he was ineligible for relief as the actual killer, and attaching the preliminary hearing transcript. As no written response to the People's briefing was filed, during the prima facie hearing, the court asked how defense counsel would like to respond to which counsel replied, "I'm submitting, your honor." Then added later, "I would submit on the paperwork [defendant] submitted having petitioned before the court and submit that that should be sufficient to make it past a prima facie hearing."

Based on this record, I believe the trial court correctly determined that defendant failed to make a prima facie showing. The uncontroverted facts in the record refute defendant's conclusory assertion that he could not be convicted today "because of" the 2019 changes to sections 188 and 189. The

2

preliminary hearing transcript reflects the People's basis for charging defendant with murder. (*People v. Reed* (1996) 13 Cal.4th 217, 223 [the preliminary hearing transcript "reliably reflect[s] the facts of the offense for which the defendant was convicted"]; accord *People v. Mares* (2024) 99 Cal.App.5th 1158, 1167 (*Mares*), review granted May 1, 2024 (S284232).) The preliminary hearing transcript contained admissions by Defendant admissible at trial; defendant admitted that he shot Padilla with his own gun after a fight and no fact supporting the existence of another shooter was adduced. Thus, the preliminary hearing transcript provides no occasion to weigh conflicting evidence. The uncontroverted facts in the conviction record leave no room to infer that the People were pursuing a theory under which anyone other than defendant killed or was involved in the killing of Padilla. " '[I]f the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

Contrary to defendant's assertions, we need not weigh the evidence or credit the truth of the testimony in the preliminary hearing transcript to conclude that the record of conviction supports no theory other than that defendant was the actual killer, acting alone. (*Mares, supra*, 99 Cal.App.5th at pp. 1167–1168 ["It does not matter whether any fact offered at the hearing was correct . . . . No facts [alleged or substantiated by evidence] support a theory that he was an accomplice to a murder committed by some other person"]; cf. *People v. Estrada* (2024) 101 Cal.App.5th 328, 340 [where preliminary hearing transcript suggested involvement of multiple perpetrators, reliance on

transcript to deny a petition at prima facie stage "would require the court to engage in impermissible factfinding"].) The preliminary hearing testimony sets forth the factual allegations upon which the People charged defendant with murder, even if not agreed to as the factual basis for defendant's plea. (See *People v. Davenport* (2021) 71 Cal.App.5th 476, 483 [prima facie inquiry is a test of allegations, not of the truth of the allegations or the credibility of the evidence on which they may rely].)

The remainder of the record of conviction is consistent with the People's theory as evidenced by the preliminary hearing transcript. The parties stipulated that multiple gunshot wounds caused Padilla's death. Defendant was the sole person charged in the information, and he was charged with murder and the personal and intentional use of a firearm causing great bodily injury or death. He pled guilty to second degree murder, and there is no suggestion in the record of any lesser crimes that defendant might have aided and abetted nor were any charged. There is no indication any person other than defendant was implicated as the actual shooter. Defendant moreover affirmed that he was pleading guilty because he—not anyone else— murdered Padilla. Although the conclusory allegations defendant made by checking the boxes on the form petition might have otherwise sufficed for a prima facie showing, the record of conviction (including the preliminary hearing transcript) shows the actual killer theory as the only theory on which defendant could have been convicted. In other words, the record forecloses the possibility that defendant "could not presently be convicted of murder . . . because of changes" to sections 188 and 189. (§ 1172.6, subd. (a)(3).)

For defendant to assert that the changes to sections 188

4

and 189 would make him not guilty under today's law, he needed to "assert he would have defended himself with a theory that he was guilty of assisting some other (heretofore unidentified) person with some other (heretofore unidentified) crime that resulted in that person killing the victim." (*Mares, supra*, 99 Cal.App.5th at p. 1168.)  Defendant made no such assertion in his petition; he merely checked the box next to the conclusory statement that he could not be convicted under the changed law. In opposing the petition, the People observed that the evidence at the preliminary transcript hearing only showed defendant as the actual killer.  Defendant did not file a reply brief.  At the prima facie hearing, defendant submitted on the People's argument that he was the actual killer and asserted only that the filing of his petition automatically gives rise to an evidentiary hearing. Moreover, the facts that can be gleaned from the record are plainly inconsistent with a defense that he was assisting some other person with a different crime that resulted in that person killing Padilla.  (Cf. *People v. Rivera* (2021) 62 Cal.App.5th 217, 235 [record showed there were multiple perpetrators and defendant was not the actual killer, such that record did not "definitively establish" that defendant was not convicted under now abrogated theory of murder]; *People v. Eynon* (2021) 68 Cal.App.5th 967, 978 [where defendant had a codefendant, pled guilty to murder during commission of robbery, and alleged in his resentencing petition he was not the actual killer, denial at prima facie stage was error].)  The uncontradicted facts in the record of conviction "make impossible[, i.e., directly contradict,] the third allegation" necessary to establish a prima facie case. Under such circumstances, "[o]ther, significant, contradictory facts would need to be offered to have a basis to conclude that

5

Senate Bill 1437 could have made a difference in [defendant's] decision to plead guilty." (*Mares, supra*, 99 Cal.App.5th at p. 1167.) Defendant has offered none. There is thus no need for an evidentiary hearing.

This conclusion comports with the *Lewis* court's affirmation that "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis, supra*, 11 Cal.5th at p. 971; accord *People v. Curiel* (2023) 15 Cal.5th 433, 460; see *People v. William* (2024) 103 Cal.App.5th 375, 407 (dis. opn. of Meehan, J.).) Because the record forecloses any basis for the People to have proceeded against defendant on a now abrogated theory of murder liability, and defendant has not offered alternative facts upon which the People might have so proceeded, the trial court correctly denied his resentencing petition at the prima facie stage.

For these reasons, I respectfully dissent.


LEE, J.[*]

---

[*] Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6