Filed 7/1/22 P. v. Foster CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JORDAN LEE FOSTER,<br><br>Defendant and Appellant. | C093899<br><br>(Super. Ct. No. STK-CR-FE-2017-0009600) |

After a jury found defendant Jordan Lee Foster guilty of evading a peace officer, the trial court held a bench trial and found true the allegation that defendant had a prior strike conviction. Accordingly, the trial court doubled defendant's state prison sentence from 16 months to 32 months. On appeal, defendant argues the trial court's true finding should be reversed because her waiver of her federal right to a jury trial on the prior strike allegation was not knowing and intelligent. As the right at issue is a creature of California statutory law, and does not implicate the federal Constitution, we affirm the judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The issue on appeal makes it unnecessary to provide the underlying substantive facts of defendant's offense. It suffices to say that an August 2017 information alleged that defendant (1) evaded a peace officer in a motor vehicle with wanton disregard for the safety of others (Veh. Code, § 2800.2, subd. (a)) and (2) suffered a prior strike conviction within the meaning of Penal Code section 1170.12, subdivision (b).

In November 2017, defendant waived her right to a jury trial on the prior strike allegation. Defense counsel told the trial court that defendant "[was] willing to waive jury for the strike portion." The trial court addressed defendant: "[Defendant], you have a right to have a jury trial on the allegation that -- on the issue where the People say you have a prior serious felony strike conviction. At that trial, the district attorney would have been required to present enough evidence to prove it is true beyond a reasonable doubt to the jury that you do have that prior serious felony conviction. At that trial -- do you understand that?"

Defendant replied: "Yes, Your Honor."

The trial court continued: "And today I'm informed you wish to have a court trial on the issue of whether or not you have that prior conviction, that is a trial before me alone, a judge alone; is that true?"

Defendant replied: "Yes, Your Honor."

The trial court: "Do you waive and give up your right to trial by jury on the issue of whether or not you have the prior serious felony conviction from San Bernardino County on the 3rd of May, 2012, for a violation of Penal Code Section 245(a)(1)? Do you waive and give up your right to a jury trial on that issue?"

Defendant: "Yes, Your Honor."

The trial court: "I find that you have been fully informed of and understand your right to a jury trial. [¶] I find you have knowingly, intelligently, and voluntarily waived your right to a jury trial. Your waiver is accepted and shall be entered herein."

2

A jury subsequently found defendant guilty of the substantive charge.

In September 2018, on the date set for bench trial on defendant's prior strike conviction, new defense counsel informed the trial court that defendant wanted a jury trial on her prior strike conviction, as she waived her right to a jury trial on the issue only because "her trial counsel . . . told her if she wouldn't waive the jury trial right . . . that she would be punished in the sentence that the court gave to her." Nevertheless, a bench trial was held, and the trial court found true the prior strike conviction.

In February 2021, the trial court sentenced defendant to 32 months in state prison (the lower term of 16 months, doubled for the prior strike), and defendant timely appealed.

## DISCUSSION

Defendant argues the trial court's "true finding to the strike conviction should be reversed because [her] waiver of her right to a jury trial for that allegation was not knowing, intelligent and voluntary," as required by the federal Constitution. The People argue defendant's "right to jury trial on a strike allegation is wholly statutory, not constitutional," and that waiver of such a statutory right "need not be express at all." Defendant did not file a reply brief addressing the People's arguments.

We agree with the People.

The right to have the jury decide the truth of a prior conviction allegation stems from Penal Code section 1025, subdivision (b), not the state or federal Constitution. (*People v. Grimes* (2016) 1 Cal.5th 698, 737-738.) "The requirement of an express waiver applies to the constitutional right to a jury trial, but not to jury trial rights that are established only by statute." (*People v. French* (2008) 43 Cal.4th 36, 46.)

Accordingly, as the People correctly observe, the "very premise of [defendant's] claim is mistaken." Because the federal Constitution does not protect defendant's right at issue here, defendant's federal constitutional argument lacks merit.

3

# DISPOSITION

The judgment is affirmed.

                                             /s/

                                       EARL, J.

We concur:

  /s/

MAURO, Acting P. J.

  /s/

DUARTE, J.

4