Filed 10/15/24  P. v. Sarreshteh CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D081561 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD289954 ) |
| TRAVIS FEREYDOUN SARRESHTEH, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Evan P. Kirvin, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland,  Assistant Attorney General, Arlene A. Sevidal, Paige B. Hazard, and James M. Toohey, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Travis Fereydoun Sarreshteh appeals from his ten-count conviction, challenging only the trial court's imposition of the upper term for a firearm enhancement on count 6. He claims the aggravating circumstances upon which that upper term was based applied to the underlying assault offense but not to the enhancement. Finding Sarreshteh's claim forfeited, we affirm the judgment.

# II. BACKGROUND

After Sarreshteh went on a shooting spree in Downtown San Diego in 2021, a jury convicted him of one count of first degree murder (Pen. Code,[1] § 187, subd. (a); count 1), four counts of attempted first degree murder (§§ 664, 187, subd. (a); counts 2–5), and one count of assault with a semiautomatic firearm (§ 245, subd. (b); count 6). The jury found that Sarreshteh personally and intentionally discharged a firearm proximately causing death in count 1 (§ 12022.53, subd. (d)), personally and intentionally discharged a firearm proximately causing great bodily injury in counts 2 through 5 (§ 12022.53, subd. (d)), and personally used a firearm (§ 12022.5, subd. (a)) inflicting great bodily injury in count 6 (§ 12022.7, subd. (a)).

The jury found true five aggravating factors regarding counts 2 through 6. Those findings were stated for count 6 as follows: "Verdict, Count 6: And we further find the additional factors of, one, vulnerable victim, to be true; two, weapons arming, to be true; three, crimes carried out with planning, sophistication, professionalism, to be true; four, crime of great violence, cruelty, viciousness and callousness, to be true; five, Defendant engaged in violent conduct indicating danger to society, to be true."

---

[1] All subsequent statutory references are to the Penal Code.

Sarreshteh also pleaded guilty to corporal injury to a cohabitant (§ 273.5, subd. (a); count 7), two counts of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); counts 8 & 9), and misdemeanor domestic battery (§ 243, subd. (e)(1); count 10). These counts stemmed from several incidents between Sarreshteh and his ex-girlfriend in 2020 and 2021.

In 2023, the trial court sentenced Sarreshteh to prison for 25 years, plus 150-years-to-life, plus four terms of life with the possibility of parole. In selecting the term for count 6, the trial court recited the aggravating factors found true by the jury, and then found "that the following additional circumstances in aggravation apply to Count 6 through 9. . . . the defendant was on probation when the crime was committed and . . . the defendant's prior performance on probation was unsatisfactory." Determining these circumstances justified exceeding the middle term, the court selected the upper nine-year term for the assault and the upper 10-year term for the personal firearm use. Sarreshteh then appealed from the judgment.

## III. DISCUSSION

Sarreshteh claims that the aggravating factors found by the jury and trial court regarding count 6 applied to the underlying assault offense, but no such findings were made for the weapon enhancement. According to Sarreshteh, this permitted the court to impose the upper term for the assault but precluded it from imposing the upper term for the enhancement. Sarreshteh further argues the upper term for the enhancement is an unauthorized sentence, obviating the need for an objection in the trial court to preserve appellate review. Without reaching the merits, we affirm the judgment because Sarreshteh forfeited his claim.

3

When there are three possible terms of imprisonment for an enhancement, the trial court may impose the upper term "only when there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170.1, subd. (d)(2).)

"Ordinarily, an appellate court will not consider a claim of error if an objection could have been, but was not, made in the lower court. [Citation.] The reason for this rule is that '[i]t is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.'" (*People v. French* (2008) 43 Cal.4th 36, 46.)

There is a narrow exception to the forfeiture rule for an "unauthorized sentence," which is one that " 'could not lawfully be imposed under any circumstance in the particular case.'" (*People v. Anderson* (2020) 9 Cal.5th 946, 961.) In *People v. Achane* (2023) 92 Cal.App.5th 1037, 1043, the defendant asserted his sentence was unauthorized under circumstances comparable to Sarreshteh's. The defendant challenged his upper base term sentence, correctly claiming it was not grounded on any aggravating circumstances as required under section 1170, subdivision (b)(2).[2] (*Achane*, at p. 1043.) The appellate court reasoned that "[a]lthough the previously imposed upper term cannot stand, the trial court on remand can again impose the upper term if at least one aggravating factor is properly established by admission, finding beyond a reasonable doubt or certified

---

[2] Like the restrictions on enhancement upper terms in section 1170.1, subdivision (d)(2), section 1170, subdivision (b)(2) prohibits an upper base term unless justified by aggravating circumstances.

record of conviction and the trial court exercises its discretion in accordance with section 1170, subdivision (b)(2)." (*Achane*, at p. 1044.) The appellate court therefore concluded the claimed error did not fit the definition of an unauthorized sentence. (*Id.* at p. 1043.)

Here, Sarreshteh forfeited his claim by failing to object when the trial court imposed the upper term for the firearm enhancement attached to count 6. Proceeding in this manner deprived the trial court of an opportunity to make any necessary corrections, invoking the purpose of the forfeiture rule.

Additionally, assuming Sarreshteh's claim has merit, the trial court still could have imposed the upper term for count 6's firearm enhancement. For example, had Sarreshteh asserted his current claim at sentencing, the trial court could have responded by stating that one or both of the aggravating circumstances it found for count 6 specifically applied to the enhancement. Or, like *Achane*, the trial court could make the necessary findings on remand. So even if the aggravating circumstance findings had to be enhancement specific as Sarreshteh claims, the upper term on the enhancement could lawfully be imposed in this case. It is therefore not an unauthorized sentence.

In sum, Sarreshteh's claim is forfeited, and the unauthorized sentence exception to forfeiture is inapplicable.

## IV. DISPOSITION

The judgment is affirmed.

RUBIN, J.

WE CONCUR:

IRION, Acting P. J.

DATO, J.