Filed 12/16/25  P. v. Marshall CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064075 |
| v. | (Super. Ct. No. 23NF2829) |
| TOMMY ANTHONY MARSHALL, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lewis W. Clapp, Judge. Affirmed in part, vacated in part, and remanded for resentencing.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel

Rogers, Alana Cohen Butler and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \*

A jury convicted defendant Tommy Anthony Marshall of one count of domestic battery causing injury with two prior convictions involving violence. The trial court sentenced Marshall to the upper term of five years based on multiple aggravating factors listed in the probation report. As to two of the aggravating factors, the court had found them true at a court trial conducted in Marshall's absence pursuant to his counsel's stipulation to waive Marshall's right to a jury trial on the aggravating factors. However, the other two aggravating factors the court relied upon at sentencing had never been proven true, including one aggravating factor that was never charged in the information and one that had been charged but then dismissed by the prosecutor.

On appeal, Marshall asserts multiple errors in connection with his sentence. First, he contends the trial court prejudicially erred because he was entitled to a jury finding on the aggravating factors and he did not personally waive that right. Second, Marshall contends that, in imposing the upper term, the court improperly relied on unproven aggravating factors.

We agree with both contentions. Accordingly, we vacate Marshall's sentence, remand the matter for full resentencing, and otherwise affirm the judgment.[1]

---

[1] Marshall also contends the court failed to consider as mitigating factors his childhood trauma and mental health issues. Because we instruct the trial court to conduct a full resentencing hearing, we do not address Marshall's additional contention that the court failed to consider as mitigating factors his childhood trauma and mental health issues.

FACTUAL SUMMARY AND PROCEDURAL BACKGROUND

After punching his long-time girlfriend in the face causing a substantial injury to her eye, Marshall was charged in an amended information with one felony count of domestic battery causing injury with a prior conviction involving violence. (Pen. Code, § 273.5, subds. (a), (f)(1).)[2]

The amended information also alleged four factors in aggravation pursuant to California Rules of Court, rule 4.421 (rule 4.421): (1) defendant "engaged in violent conduct that indicates a serious danger to society" (rule 4.421(b)(1)); (2) defendant had "prior convictions as an adult or sustained petitions in juvenile delinquency proceedings" that are "numerous or of increasing seriousness" (rule 4.421(b)(2)); (3) defendant "served a prior prison term in prison or county jail under section 1170(h)" (rule 4.421(b)(3)); and (4) "defendant's prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory" (rule 4.421(b)(5)). The information also alleged Marshall had suffered two prior strike convictions.

On March 12, 2024, the jury found Marshall guilty of the crime charged. Several days later, on March 15, 2024, the trial court held a court trial to determine the truth of the two prior strike allegations. Defense counsel appeared at the court trial on behalf of Marshall pursuant to section

---

[2] All further statutory references are to the Penal Code.

977.[3] The court found one of the prior strike allegations not true, and the other prior strike allegation true, and then it struck that strike for purposes of sentencing only.[4]

During that same court trial, the prosecutor raised the issue of the factors in aggravation alleged in the amended information, and the court and counsel discussed whether to try them on the spot. Both the prosecutor and Marshall's counsel agreed to do so, and Marshall's counsel stated he was willing to stipulate to a court trial on the factors in aggravation.

Pursuant to that stipulation, the court and the parties proceeded to try the factors in aggravation. The prosecutor *dismissed* the first two aggravating factors alleged in the amended information, i.e., that Marshall engaged in violent conduct that indicates a serious danger to society and had numerous prior convictions.[5] That left only the third and fourth alleged aggravating factors, i.e., that defendant had served a prior prison term and had performed unsatisfactorily on probation or parole. The prosecution's evidence in support of those two aggravating factors consisted of a rap sheet and a certified abstract of judgment that showed Marshall had served three

---

[3] Marshall was in custody and not present at the court trial. Section 977 requires the physical presence of the defendant during specified portions of the trial, including "at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence." (*Id.*, subd. (b)(1); see also § 1043 [requiring presence of defendant at trial with limited exceptions].)

[4] Marshall does not appeal this aspect of his sentencing.

[5] Although the prosecutor dismissed these two aggravating factors, the trial court nevertheless made a superfluous finding they were not true.

years in prison and reflected his performance on probation in two earlier cases. Based on this evidence, the trial court found the two aggravating factor allegations true.

At that point, the prosecutor evidently had misgivings about the court adjudicating those allegations, stating his belief that Marshall "is entitled to a jury trial on [the aggravating factor allegations]." The prosecutor therefore suggested an on-the-record jury trial waiver from defense counsel (who had earlier stipulated to a court trial). The court then asked Marshall's counsel: "[D]o you waive having a jury trial on these factors in aggravation?" Counsel responded, "I do, yes."

The sentencing hearing took place over a month later, on April 19, 2024. Marshall was present. The trial court sentenced Marshall to the upper term of five years. But in doing so, the court did not reference its prior findings on the factors in aggravation. Instead, the court referred to the aggravating circumstances described *in the probation report* and made the following findings: (1) "the crime did involve the threat of great bodily harm inasmuch as he struck the victim with a closed fist near her eye and it resulted in a fairly significant injury" and the "Court believes that that was violent conduct," (2) "[Marshall's] prior convictions are numerous," (3) "[Marshall] served prior prison terms in 1990, 1994, 1999, the year 2007 and the year 2016," and (4) "his prior performance on probation and mandatory supervision or parole was considered unsatisfactory." After reciting these findings, the court stated, "for all of those reasons, the Court believes that the upper term is warranted."

Marshall timely appealed.

DISCUSSION

I.

FULL RESENTENCING IS REQUIRED

While this appeal was pending, the California Supreme Court decided *People v. Wiley* (2025) 17 Cal.5th 1069 (*Wiley*).[6] Pursuant to the principles articulated in *Erlinger v. United States* (2024) 602 U.S. 821, our high court held "a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutory provided midterm."[7] (*Wiley*, at p. 1086, fn. omitted.) Even in cases where the inquiry into whether an aggravating factor is true is straightforward, defendant is entitled to a jury trial. (*Id.* at p. 1084.)

This right to a jury trial is constitutionally guaranteed by the Sixth Amendment. (*Wiley*, *supra*, 17 Cal.5th at p. 1078.) Therefore, any waiver of the right to a jury trial must be *personally* expressed by the defendant in open court. (Cal. Const., art. I, § 16; *People v. French* (2008) 43 Cal.4th 36, 46–47.) Even a defendant who failed to object to a court trial on

---

[6] Marshall submitted a letter brief informing this court of the *Wiley* decision and its relevance to his appeal. (Cal. Rules of Court, rule 8.254.) The Attorney General did not respond.

[7] In *Erlinger v. United States* (2024) 602 U.S. 821, the United States Supreme Court held that, under the Fifth and Sixth Amendments, "[v]irtually 'any fact' that "'increase[s] the prescribed range of penalties to which a criminal defendant is exposed'" must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." (*Id.* at pp. 834–835.) An exception allows a trial court to "find only 'the fact of a prior conviction.' [Citation.] Under that exception, a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.'" (*Id.* at p. 838.)

these factors is not precluded from "'asserting on appeal that he was denied his constitutional right to a jury trial.'" (*People v. French,* at p. 46.)

The *Wiley* decision makes clear Marshall was entitled to a jury trial on the two remaining aggravating factors alleged by the prosecution—that he had served a prior prison term (rule 4.421(b)(3)) and had performed unsatisfactorily on probation, mandatory supervision, or parole (rule 4.421(b)(5)). (*Wiley, supra,* 17 Cal.5th at p. 1083 [a defendant is entitled to a jury finding on the aggravating fact that the defendant performed unsatisfactorily on probation even, hypothetically, if there was a finding that that the "defendant had violated his probation several times"].) Because the trial court made findings on both factors in Marshall's absence, without obtaining a personal waiver from him of his right to a jury trial, the sentence based on those findings cannot stand.

Moreover, in imposing the upper term, the trial court relied on additional aggravating factors listed in the probation report—including that the crime involved the threat of great bodily harm and Marshall served numerous prior prison terms. That, too, was error. Neither of these factors had been proven true. (See § 1170, subd. (b)(2) ["The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial"].) Indeed, the prosecution had never even alleged great bodily harm as an aggravating factor, and it had *dismissed* the allegation that Marshall had served numerous prior prison terms prior to the sentencing hearing.

## II.

### REVERSAL IS REQUIRED UNDER *CHAPMAN*

"When a defendant is deprived of a jury trial on aggravating facts used to justify imposition of an upper term sentence, the reviewing court must apply the *Chapman* standard of review. [Citations.] [8] Under that standard, 'a sentence imposed under . . . section 1170[, subdivision ](b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute.'" (*Wiley, supra*, 17 Cal.5th at p. 1087.) "Lack of a jury trial is not harmless under *Chapman* if 'the record contains evidence that could rationally lead to a contrary finding' with respect to the aggravating fact at issue." (*Ibid*.)

If we find prejudice as to any *one* of the aggravating factors, reversal is required and it is unnecessary to address the additional aggravating factors relied upon by the trial court. (*People v. Lynch, supra*, 16 Cal.5th at p. 776.)

Applying the *Chapman* standard to one of the aggravating factors the court found true—that Marshall performed unsatisfactorily on probation, mandatory supervision, post-release community supervision or parole (rule 4.421(b)(5))—we find the error was prejudicial. A determination of this factor requires the fact finder to review Marshall's performance on probation or parole. But here, as in *Wiley*, the evidence reveals a "mixed performance on probation." (*Wiley, supra,* 17 Cal.5th at p. 1091.) Marshall's rap sheet states

---

[8] *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*).

8

in some instances he did not perform satisfactorily on probation, but it also identified a number of occasions on which he earned "early dismissal from probation," including in 2006, 2021, and 2022, which at the very least suggests satisfactory performance on probation in several other instances. As the Supreme Court explained in *Wiley*, while this conflicting evidence may have been sufficient to support a finding that Marshall performed unsatisfactorily on probation or parole, "that is not the proper inquiry when assessing prejudice under *Chapman*. [Citation.] Instead, we must ask 'whether any rational fact finder could have come to the *opposite* conclusion.'" (*Wiley,* at p. 1090.) Based on the little evidence presented at the court trial on the aggravating factors, we conclude a rational fact finder could. We certainly cannot "'""conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court."'"" (*Ibid.*)

Further, the trial court erred by relying on aggravating factors that were never tried and proven to be true, including a factor that was never alleged in the information (the crime involved great bodily harm), and a factor that had been alleged but was dismissed by the prosecutor (numerous prior convictions).[9] It is hard to see how we could find that error harmless, as

---

[9] In discussing the nature of the crime and concluding it involved great bodily harm, the court also stated the defendant's conduct was "violent." We do not read this as a finding by the court under rule 4.421(b)(1) that "[t]he defendant has engaged in violent conduct that indicates a serious danger to society." The prosecutor had already dismissed rule 4.421(b)(1) as an aggravating factor, and in ruling on whether to strike the prior strike conviction, the trial court had already found that "[t]he current offense doesn't actually . . . indicate a great degree of danger to the community or to society." Even if we were to assume the court did make such a finding, however, it would not change the outcome of this appeal.

the parties were not put on notice of the need to make a full evidentiary showing on these factors. To be clear: We do not fault the parties for not presenting evidence addressing aggravating factors that were not at issue. But given the lack of notice to the parties of the need to present such evidence, we cannot conclude beyond a reasonable doubt a jury would have found those factors true beyond a reasonable doubt. (*People v. Lynch, supra*, 16 Cal.5th at p. 775 ["'The reviewing court cannot assume that the record reflects all of the evidence that would have been presented to the jury, or that the defendant had the same incentive and opportunity at a sentencing hearing to contest the aggravating circumstance'"].)

"Because we cannot find the omission of a jury trial harmless beyond a reasonable doubt as to *every* aggravating fact relied upon by the trial court to impose an upper term, [Marshall's] sentence must be reversed." *(People v. Lynch, supra*, 16 Cal.5th at p. 776.)

On remand, the People may elect to try before a jury the truth of the two remaining aggravating circumstances that Marshall "served a prior term in prison or county jail under section 1170(h)" (rule 4.421(b)(3)); and his "prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory" (rule 4.421(b)(5)). The trial court shall resentence Marshall in accordance with current law. We express no opinion on the issue of the court's consideration of any mitigating circumstances.

## DISPOSITION

The sentence is vacated, and the matter is remanded for full resentencing consistent with this opinion. The judgment is otherwise affirmed.


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.