Filed 3/24/26  P. v. Zambrano CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GERMAN ZAMBRANO, JR.,<br><br>    Defendant and Appellant. | F088989<br><br>(Super. Ct. No. 23CR-02907)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Merced County.  Brian L. McCabe, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary, Kari Mueller and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant German Zambrano, Jr., appeals from the judgment of his conviction following an "open plea" of no contest to three counts of sodomy by use of force against

a victim under 14 years of age (Pen. Code,[1] § 286, subd. (c)(2)(B)). He was sentenced to 39 years of imprisonment consisting of full and consecutive upper terms of 13 years on each count (§ 667.6, subds. (d)(1), (e)(4)).

Appellant contends the imposition of the upper term of imprisonment violated his Sixth Amendment right to a jury trial and was unauthorized under section 1170, subdivision (b) as he did not expressly waive the right as to the aggravating circumstances relied on by the sentencing court to justify imposing the upper term nor stipulate to their truth.

Respondent agrees with appellant but contends he forfeited his claim by failing to object below.

We decline to find forfeiture. We agree with the parties that the court erred and remand for resentencing.

## RELEVANT PROCEDURAL BACKGROUND

On July 18, 2023, the Merced County District Attorney filed a criminal complaint alleging appellant had committed three violations of sodomy by use of force against a victim under 14 years of age (§ 286, subd. (c)(2)(B); counts 1-3). No circumstances in aggravation were alleged in the complaint. Appellant initially entered not guilty pleas and waived time for a preliminary hearing.

On June 6, 2024, prior to the preliminary hearing, appellant entered an "open plea"[2] of no contest as to all three counts. Appellant indicated he understood that the maximum term he could be sentenced to was 39 years in state prison, and that he was giving up the right to a jury or court trial, where he would have the right to confront witnesses, present evidence, and remain silent. Counsel stipulated to a factual basis for

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     "An open plea is 'a plea unconditioned upon receipt of a particular sentence or other exercise of the court's powers.' " (*People v. Conerly* (2009) 176 Cal.App.4th 240, 245, fn. 1.)

the plea, and appellant's plea form indicated the court "may consider any report or transcript in the file in finding there is a factual basis" for the plea. The court accepted appellant's no contest plea and found him guilty of each count. Counsel further stipulated that the counts were not subject to section 654's prohibition on multiple punishment and that each count constituted a separate strike for purposes of future convictions.

Defense counsel filed a sentencing memorandum requesting the court impose probation or the minimum prison term of 27 years. The memorandum set forth that if the court did not grant probation, it may only impose the upper term of imprisonment if there were aggravating circumstances that justified the upper term and the facts underlying those circumstances had been stipulated to by the defendant. The memorandum further asserted that lower term sentencing was required because appellant had suffered psychological, physical, and childhood trauma and, when he committed his offenses, he was under 26 years of age and suffering from bipolar disorder.[3] Defense counsel conceded that if probation was not granted, full and consecutive sentencing was mandatory under section 667.6, subdivision (d).

The prosecutor filed a sentencing memorandum requesting "full and consecutive terms on all counts." The prosecutor asserted that the aggravating factors outweighed any mitigating factors, and appellant's "conduct is warranting of the maximum term." The aggravating circumstances the prosecutor deemed applicable were: (1) "[t]he

---

[3]     Pursuant to section 1170, subdivision (b), if the court were to find that one or more enumerated mitigating factors "was a contributing factor in the commission of the offense," it must impose the lower term unless it "finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice." As relevant here, the enumerated factors include that "[t]he person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence" and "[t]he person is … or was a youth … at the time of the commission of the offense." (§ 1170, subd. (b)(6)(A), (B).)

defendant took advantage of a position of trust or confidence to commit the offense" (Cal. Rules of Court,[4] rule 4.421(a)(11)); (2) "[t]he victim was particularly vulnerable" (rule 4.421(a)(3)); and (3) "[a]ny other factors statutorily declared to be circumstances in aggravation or that reasonably relate to the defendant or the circumstances under which the crime was committed" (rule 4.421(c)).

The probation report recommended probation be denied and that appellant be sentenced to state prison "for the appropriate term." Attached to the report was a list of aggravating and mitigating circumstances probation asserted applied. The aggravating circumstances were: (1) "[t]he crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness" (rule 4.421(a)(1)); (2) "[t]he victim was particularly vulnerable" (rule 4.421(a)(3)); (3) "[t]he manner in which the crime was carried out indicates planning, sophistication or professionalism" (rule 4.421(a)(8)); (4) "[t]he defendant took advantage of a position of trust or confidence to commit the offense" (rule 4.421(a)(11)); and (5) "[t]he defendant has engaged in violent conduct which indicates a serious danger to society" (rule 4.421(b)(1)). The mitigating circumstances were: (1) "[t]he defendant has no prior record, or an insignificant record of criminal conduct, considering the recency and frequency of prior crimes" (rule 4.423(b)(1)); "[t]he defendant was suffering from a mental or physical condition that significantly reduced culpability for the crime" (rule 4.423(b)(2)); and "[t]he defendant is under 26 years of age, or was under 26 years of age at the time of the commission of the offense" (rule 4.423(b)(6)).

Appellant's sentencing hearing was conducted on November 15, 2024. No evidence was presented. Defense counsel submitted on his sentencing memorandum, and the prosecutor stressed the gravity of appellant's offending conduct and requested the "maximum sentence" be imposed.

---

[4]     All further rule references are to the California Rules of Court.

4.

In pronouncing the judgment, the court noted an upper term sentence was authorized under section 1170, subdivision (b) because appellant "stipulated to the facts presented in the police report as part of his open plea in this case." The court went on to list the aggravating circumstances that it found applied, which consisted of all the aggravating circumstances listed in the probation report: rule 4.421(a)(1), (3), (8), (11) and (b)(1). The court additionally found, as an aggravating circumstance pursuant to rule 4.421(c),[5] that appellant "could have been subject to the 25 years to life sentencing provisions of … section 667.61(e)(4) and (j)(2)" because "the facts of this case as stipulated to by the defendant demonstrate defendant subjected his other younger siblings to sexual abuse by way of force or fear," and "[t]he facts of this case are similar to 'life cases.' "[6] As for mitigating circumstances, the court noted that appellant only had two previous misdemeanors stemming from one incident and acknowledged that he was 18 years old at the time he committed the crimes and was asserting he suffered prior victimization and childhood trauma. The court indicated it disagreed, however, with

---

[5] In *Lovelace v. Superior Court* (2025) 108 Cal.App.5th 1081, Division Four of the First Appellate District held that "[t]he rule 4.421(c) residual clause exceeds the legislative delegation in section 1170.3 and thus violates the separation of powers clause of the California Constitution." (*Id*. at p. 1105.) The court reasoned that because the 4.421(c) residual clause specifies no "criteria" for its use in jury factfinding, "it supplies [prosecutors] 'unrestricted authority to make fundamental policy decisions' [citation] on an ad hoc basis" by letting prosecutors draft aggravating factors to submit to the jury not based on any statute or rule in order to expose the defendant to increased penalty and is no longer appropriate under the current determinate sentencing law. (*Lovelace*, at p. 1099.)

[6] Appellant's charges were all against the same victim, appellant's sibling. However, the probation report included reports of abuse of appellant's two other siblings.

Section 667.61, subdivision (j)(2) provides that a person who is convicted of an enumerated sexual offense, of which sodomy is one, shall be punished by imprisonment for 25 years to life if the person is convicted "under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age." Section 667.61, subdivision (e)(4) reads: "The defendant has been convicted in the present case or cases of committing [an enumerated offense] against more than one victim."

5.

probation's assertion that appellant suffered from a mental or physical condition that significantly reduced culpability for the crime, noting it "ha[d] seen no evidence of correlation between [appellant]'s Bipolar condition and his sexual abuse of the victim."

The court went on to find that the aggravating circumstances outweighed the mitigating circumstances, such that the imposition of the lower term was contrary to the interests of justice, and, further, that the circumstances in aggravation justified the imposition of the upper term on each count. Appellant was sentenced to the upper term of imprisonment of 13 years on each count for a total of 39 years.

Appellant did not object to the imposition of the upper term but requested the court advise appellant of his appellate rights.

## DISCUSSION

Appellant contends the court erred by imposing the upper term of imprisonment in the absence of his waiving his right to a jury trial, or stipulating to the truth of aggravating factors as required by the Sixth Amendment and section 1170, subdivision (b). Respondent agrees but contends appellant forfeited his claim by failing to object below. We conclude appellant's claim was not forfeited and agree with the parties that reversible error occurred.

The court may impose a sentence exceeding the middle term only if "there are circumstances in aggravation of the crime that justify" the upper term. (§§ 1170, subd. (b)(1)-(2), 1170.1, subd. (d)(1)-(2).) The facts underlying those aggravating circumstances must "have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§§ 1170, subd. (b)(2), 1170.1, subd. (d)(2).)

Our high court has explained that under the current determinative sentencing law, the Sixth Amendment entitles a defendant to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm. (*People v.*

6.

*Lynch* (2024) 16 Cal.5th 730, 755–767 (*Lynch*); *People v. Wiley* (2025) 17 Cal.5th 1069, 1082, 1086; see *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 ["Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."].) The *Wiley* court set out the "proper procedure for adjudicating such aggravating facts":

> "Defendants may assert the right to a jury trial, may waive jury in favor of a court trial, or may waive trial altogether. Subject to the standard rules of evidence both parties may stipulate to the admission of probation reports or other evidence bearing on a defendant's social and educational history, as well as other information relevant to sentencing, including criminal history. The burden is on the People to prove beyond a reasonable doubt the facts relied on to justify an upper term sentence. If those facts are properly proven, the court may take them into account and exercise its discretion under section 1170(b) to determine what sentence to impose, keeping in mind the statutory limits on upward departures from the midterm and the requirement for stating its reasons on the record. (§ 1170(b)(2), (5).)" (*People v. Wiley*, *supra*, 17 Cal.5th at p. 1086.)

An express waiver of a federally-derived jury trial right is required "even in cases in which the circumstances make it apparent that all involved—the trial court, the prosecutor, defense counsel, and the defendant—assumed that the defendant had waived or intended to waive the right to a jury trial." (*People v. French* (2008) 43 Cal.4th 36, 47 (*French*).) That is, the right to a jury trial on aggravating circumstances, which is guaranteed by the federal constitution, may not be forfeited without an express waiver by the defendant. (*Ibid.*)

Here, appellant did not expressly waive his right to a jury trial on the aggravating circumstances and therefore has not surrendered his claim. No aggravating circumstances were pled in the complaint; as such, appellant's plea, and his corresponding waiver of his constitutional rights, did not encompass any aggravating circumstances. As respondent acknowledges, a defendant does not waive his right to a

7.

jury trial on aggravating sentencing factors by pleading no contest to substantive offenses. (*French*, *supra*, 43 Cal.4th at p. 50.)[7]

Because appellant did not waive his right to a jury trial on the aggravating circumstances, nor admit to their truth as part of his plea or otherwise, the court's imposition of the upper term violated appellant's Sixth Amendment right to a jury trial and the provisions of section 1170, subdivision (b). Appellant's attorney's stipulation to a factual basis for the plea did not satisfy the requirements of section 1170, subdivision (b). (See *French*, *supra*, 43 Cal.4th at pp. 50–52 [counsel's stipulation to a factual basis of a plea does not constitute a defendant's stipulation to the truth of the facts].)

As respondent concedes, the error was not harmless, and the remedy is remand for resentencing. (*Lynch*, *supra*, 16 Cal.5th at p. 768.) The standard of prejudice is whether a reviewing court can determine the error is harmless "beyond a reasonable doubt as to *every* aggravating fact that the trial court used to justify an upper term sentence. (*Id*. at p. 775.)

Here, we cannot determine from this record beyond a reasonable doubt that a jury would have found every aggravating factor relied on by the trial court properly proven. Several of the factors relied on by the sentencing court were fact-specific, which a reasonable jury could disagree on. (See *Lynch*, *supra*, 16 Cal.5th at p. 775 [" ' "[T]o the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." ' "].) Moreover, the

---

[7] Even if forfeiture did apply, we would nevertheless exercise our discretion to reach the issue. (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party."].) Such discretionary review is typical when "a forfeited claim involves an important issue of constitutional law or a substantial right." (*In re Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7.)

sentencing court relied on factual recitations in the police reports, which counsel did not stipulate to admitting into evidence for the purpose of establishing aggravating factors, and which contained hearsay. Additionally, we " 'cannot necessarily assume that the record reflects all of the evidence that would have been presented had aggravating circumstances been submitted to the jury.' " (*Id*. at p. 753.)

As the trial court erred, and the error was not harmless, we remand the matter for a full resentencing.

## **DISPOSITION**

The sentence is vacated, and the matter is remanded for resentencing in compliance with section 1170, subdivision (b) and the Sixth Amendment. The judgment is otherwise affirmed.

DE SANTOS, J.

WE CONCUR:

DETJEN, Acting P. J.

MEEHAN, J.

9.